Tracy L. COLLIER, Petitioner–Appellant,

v.

Madelyn MUNTEZ, Warden, Respondent–Appellee.

No. 06–55795.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 26, 2008.*

Filed March 10, 2008.

Tracy L. Collier, Blythe, CA, pro se.

J. Conrad Schroeder, Esq., Office of the California Attorney General, Los Angeles, CA, for Respondent–Appellee.

Before: BEEZER, FERNANDEZ and McKEOWN, Circuit Judges.

MEMORANDUM **

California state prisoner Tracy L. Collier appeals pro se from the district court's judgment denying his 28 U.S.C. § 2254 petition. We have jurisdiction pursuant to 28 U.S.C. § 2253. We affirm.

We review de novo a district court's decision to deny a § 2254 petition, *McQuillion v. Duncan*, 306 F.3d 895, 899 (9th Cir.2002). Because the state court denied Collier's petition without explanation, we "must conduct an independent

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

review of the record to determine whether the state court's decision was objectively unreasonable." *Sass v. Cal. Bd. of Prison Terms,* 461 F.3d 1123, 1127 (9th Cir.2006).

We reject as foreclosed the State's contentions that there is no federally protected interest in parole release in California, and that Collier was afforded all the due process that he was entitled to under clearly established federal law because he was given an opportunity to be heard at the parole board hearing. *See id.* at 1127–28. We also reject the State's contention that the "some evidence" standard is not clearly established federal law, as determined by the Supreme Court, in the parole context. *See id.* at 1128–29.

Collier contends that the California Board of Prison Terms' ("the Board") 2003 decision to deny him parole violated his due process rights. This contention fails because some evidence supports the Board's decision to deny parole, which was based in part on the "senselessness" of Collier's violent commitment offense. *See id.; see also* Cal.Code Regs. tit. 15 § 2402(c)(1)(E). Accordingly, Collier has failed to demonstrate that the state court's decision denying this claim "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," or "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d); *see also Sass,* 461 F.3d at 1129.

Collier's contention that his sentence violates the Eighth Amendment also fails because the sentence is not grossly disproportionate. *See Lockyer v. Andrade,* 538 U.S. 63, 77, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003); *see also United States v. Van*

*Winrow,* 951 F.2d 1069, 1071 (9th Cir.1991) (holding that life without possibility of parole for possession of cocaine with intent to distribute did not violate Eighth Amendment).

Finally, Collier fails to raise a federal question with his assertion that his constitutional rights were violated because the Board did not apply a sentencing matrix to set a fixed term sentence. *See Langford v. Day,* 110 F.3d 1380, 1389 (9th Cir.1997).

**AFFIRMED.**

